IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Joseph Earl Campbell, | ) | Case No. 9:23-cv-02656-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina Department of Corrections of Manning CI, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's pro se Complaint. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report").

On July 27, 2023, the Magistrate Judge directed Plaintiff to provide certain documents to bring this case into proper form for further evaluation and possible service of process. ECF No. 5. Plaintiff failed to respond to the order. On August 14, 2023, Plaintiff filed a notice of change of address (ECF No. 8), and the Magistrate Judge remailed the proper form order to Plaintiff at his new address. Plaintiff has not responded to the orders of the Magistrate Judge.[1]

---

[1] The initial proper form order was returned as undeliverable but no other mailing from the Court has been returned.

On October 3, 2023, the Magistrate Judge issued a Report recommending that this action be dismissed without prejudice upon evaluation of the merits or, in the alternative, pursuant to Federal Rule of Civil Procedure 41(b), and without issuance and service of process.  ECF No. 11.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so.  Plaintiff did not file objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge.  Accordingly, this action is dismissed without prejudice and without

issuance and service of process pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with an order of the Court.[2]

    IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

December 5, 2023
Spartanburg, South Carolina

---

[2] Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **FOUND as MOOT**.